Present:  All the Justices

KAREN A. TONTI

                                        OPINION BY
v.  Record No. 002770      JUSTICE LAWRENCE L. KOONTZ, JR.
                                        November 2, 2001
ASSADULLAH AKBARI

          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Henry E. Hudson, Judge


     In this appeal, we consider whether the trial court[1] erred in awarding attorney's fees against a party after denying the party's motions to quash subpoenas duces tecum issued to non-parties.

                            BACKGROUND

     Assadullah Akbari and Karen A. Tonti were involved in an automobile accident on November 13, 1997.  Akbari filed a warrant in debt against Tonti in the Fairfax County General District Court seeking $10,000 in damages for his alleged personal injuries and lost wages arising from the accident.  Asserting various substantial defenses, Tonti had the case removed to the Circuit Court of Fairfax County (the trial court).  Code § 16.1-92.

     On June 2, 2000, Tonti filed a motion, pursuant to Rule 4:10, for an independent medical examination of Akbari by Dr.

_____

     [1]Judge Kathleen H. MacKay entered the discovery orders that are under consideration in this appeal.  Judge Henry E. Hudson, however, entered the final order in the underlying jury trial.

John A. Bruno.  On June 3, 2000, Akbari requested subpoenas duces tecum, pursuant to Rule 4:9(c), to be served on Bruno and USAA Casualty Insurance Company (USAA), Tonti's automobile liability insurance carrier, requiring each to produce certain tax and other business records related to the employment or consulting relationship between Bruno and USAA.

On June 9, 2000, Tonti filed motions to quash the subpoenas duces tecum, asserting that they were overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and invaded the privacy of other persons.  In a brief opposing Tonti's motions, Akbari contended, among other things, that the motions were not made in good faith, and that the production of the requested documents was not unduly burdensome.  Akbari requested an award of attorney's fees and costs incurred in opposing Tonti's motions.  Akbari also filed a motion to compel Bruno and USAA to comply with the subpoenas duces tecum.  He further requested the trial court to issue show cause orders against Bruno and USAA and to impose "a fine or other sanction for contempt," if appropriate.

In an order dated July 14, 2000, the trial court denied Tonti's motions to quash and ordered Bruno and USAA to comply with the subpoenas duces tecum.  The trial court further ordered Tonti to pay attorney's fees in the amount of $600 to Akbari's

counsel.  The order made no reference to the source of the trial

court's authority to impose this sanction.

On July 19, 2000, Tonti filed a motion for reconsideration

of the July 14, 2000 order.  Relevant to the issue raised in

this appeal, Tonti contended that the award of attorney's fees

was improper.  Apparently assuming that this award was entered

pursuant to Code § 8.01-271.1, Tonti contended that her motions

to quash were well grounded in fact and law and, thus, were not

sanctionable under that statute.  Akbari filed a brief opposing

Tonti's motion for reconsideration.  He contended that Rule

4:12(a)(4) was dispositive of the issue regarding the award of

attorney's fees rather than Code § 8.01-271.1.  Akbari asserted

that the award of attorney's fees was justified because Tonti's

motions to quash "were akin to a Rule 4:1(c) motion for a

protective order" and, thus, under an express provision of that

rule, "[t]he provisions of Rule 4:12(a)(4) apply to the award of

expenses incurred in relation to the motion," unless the trial

court expressly finds that the motions to quash were

"substantially justified."  By an order dated August 3, 2000,

the trial court denied Tonti's motion for reconsideration.

In response to Tonti's notification of an intent to appeal

the award of attorney's fees after the case concluded, the trial

court, by a letter to counsel dated August 8, 2000, stated that

it wanted to "make [its] position clear and articulate [the]

3

reasons for . . . awarding attorney['s] fees." The trial court stated that it agreed with the contentions made by Akbari in his brief opposing the motion for reconsideration. The trial court further stated that the award of attorney's fees was "not pursuant to Va. Code § 8.01-271.1 but rather pursuant to Rule 4:12(a)(4). In so doing [the trial court] regarded the award of fees as a routine matter."

Tonti filed a motion to stay enforcement of the sanction pending resolution of the underlying cause of action and appeal. By order dated August 18, 2000, the trial court denied the motion to stay. Tonti avers on brief that the sanction was duly paid.

In a subsequent jury trial, Akbari was awarded a judgment in the amount of $5,000. Tonti timely filed a petition for appeal in this Court limited to the issue whether the trial court abused its discretion in awarding an attorney's fee sanction in this case pursuant to Rule 4:12(a)(4). By order dated March 5, 2001, we awarded Tonti an appeal.

DISCUSSION

An award of attorney's fees as a sanction should never be "a routine matter." The general rule in this Commonwealth is that, in the absence of a provision in a statute, rule, or contract to the contrary, a trial court may not award attorney's fees to a party merely on the basis of that party's having

4

prevailed upon an issue or cause.  See Prospect Development Co.
v. Bershader, 258 Va. 75, 92, 515 S.E.2d 291, 300 (1999);
Gilmore v. Basic Industries, Inc., 233 Va. 485, 490, 357 S.E.2d
514, 517 (1987).  This is the so-called "American Rule," and its
purpose is to avoid stifling legitimate litigation by the threat
of the specter of burdensome expenses being imposed on an
unsuccessful party.

Where a rule or statute authorizes the trial court to
impose the costs of litigation in the form of attorney's fees as
a sanction against a party, such sanction is intended, in part,
to protect litigants from the expense of frivolous claims,
unfounded in fact or law.  Gilmore v. Finn, 259 Va. 448, 466,
527 S.E.2d 426, 435 (2000).  " 'Yet the threat of a sanction
should not be used to stifle counsel in advancing novel legal
theories or asserting a client's rights in a doubtful case.' "
Id. (quoting Oxenham v. Johnson, 241 Va. 281, 286, 402 S.E.2d 1,
3 (1991)).  In short, far from being "a routine matter," an
award of attorney's fees as a sanction is a matter that must be
made under proper authority and with due exercise of the trial
court's sound judicial discretion.

Akbari has not participated in this appeal.  However, as we
have noted above, the trial court agreed with Akbari's
contentions that Tonti's motions to quash "were akin to a Rule
4:1(c) motion for a protective order" and that this rule

5

provides that when a motion for a protective order is denied "[t]he provisions of Rule 4:12(a)(4) apply to the award of expenses incurred in relation to the motion." We disagree.

Akbari requested that subpoenas duces tecum be issued to non-parties pursuant to Rule 4:9(c). This rule provides that in such cases "the person so required to produce, or . . . the party against whom such production is sought" may file a written motion requesting that the trial court quash or modify the subpoena.[2] (Emphasis added). Tonti was "the party against whom such production [was] sought" contemplated by Rule 4:9(c) and authorized by that rule to seek to quash the subpoenas duces tecum issued to the non-parties in question. Accordingly, while Tonti's motions to quash might be facially "akin to a Rule 4:1(c) motion for a protective order," the provisions of Rule 4:1(c) do not apply to her motions because they were not filed pursuant to that rule.

We turn then to consider the interplay of the provisions of Rule 4:12 and those of Rule 4:9 under the circumstances of this case. In that context, Rule 4:12(a)(2) expressly limits its application with respect to discovery requests submitted under

---

[2]Rule 4:9 was amended effective July 1, 2000. Accordingly, the subpoenas duces tecum and the motions to quash were filed under the former version of the rule. However, the portions of the rule relevant to this case are substantially unchanged by the amendment and now appear in Rule 4:9(c)(1).

Rule 4:9 to instances in which "a party, in response to a request for inspection . . ., fails to respond that inspection will be permitted as requested or fails to permit inspection as requested."  (Emphasis added).  In such instances, the party requesting the inspection may seek an order compelling the inspection, and, if that order is granted, the trial court may award attorney's fees as a sanction under Rule 4:12(a)(4).  Similarly, Rule 4:9(d) provides that "[i]f a party fails or refuses to obey an order made under subsection (b) of this Rule, the court may proceed as provided by Rule 4:12(b)(2)."  In contrast, Rule 4:9(d) also provides that "[i]f a non-party . . . fails or refuses to comply" with a subpoena duces tecum issued under Rule 4:9(c), "he may be proceeded against as for contempt of court as provided in [Code] § 18.2-456."  (Emphasis added).

The express distinction made between a party and a non-party under Rule 4:9(d) with regard to a discovery violation is significant and, indeed, dispositive of the issue in this appeal.  Unlike a case involving a party, under this rule the failure or refusal of a non-party to comply with a properly issued and served subpoena duces tecum under Rule 4:9(c) is subject to a contempt sanction as provided in Code § 18.2-456. This express provision for the application of Code § 18.2-456 excludes the conduct of the non-party from the scope of Rule

4:12(a)(2) and, by necessary extension, from the sanctions provided under Rule 4:12(a)(4).

In the present case, Akbari sought to compel Bruno and USAA, non-parties, to comply with subpoenas duces tecum issued and served on them pursuant to Rule 4:9(c). Their failure or refusal to comply with these subpoenas would have subjected them to contempt sanctions under Code § 18.2-456 and not Rule 4:12(a)(4). It then necessarily follows that Rule 4:12(a)(4) does not provide authority for the imposition of attorney's fees as a sanction against Tonti for filing motions to quash subpoenas duces tecum issued to these non-parties. Accordingly, we hold that the trial court erred in relying upon Rule 4:12(a)(4) as its authority for awarding attorney's fees against Tonti.[3] In the absence of such authority, the award of that sanction "as a routine matter" was clearly an abuse of discretion.

CONCLUSION

For these reasons, we will reverse the judgment of the trial court with respect to the award of $600 in attorney's fees

---

[3]Because the trial court expressly stated that it was not relying on the authority of Code § 8.01-271.1, we need not address whether the sanction would have been appropriate under that statute under the specific circumstances of this case.

8

and remand the case to the trial court for entry of an order directing return of the funds paid pursuant to that judgment.

<u>Reversed and remanded</u>.