## CIRCUIT COURT OF FAIRFAX COUNTY

Harold B. Adams

v.

Cambridge Research
Associates, Inc.

April 3, 2003

Case No. (Law) 207178

BY JUDGE KATHLEEN H. MACKAY

Defendant filed its Motion for Sanctions in this case on January 10, 2003. This Court heard arguments in this matter on January 24, 2003. Defendant requests that the Court order Plaintiff to reimburse it for costs associated with Plaintiff's counsel's failure to appear at a November 12, 2002, deposition. The Court took the matter under advisement to determine if there was sufficient authority supporting an award in favor of the Defendant. The Court also requested that counsel supplement the record with additional written briefs in support of their positions.

*Facts*

Plaintiff issued a Notice of Deposition under Virginia Sup. Ct. Rule 4:5(b)(6) for a corporate representative of the Defendant to appear and be deposed and produce documents related to the deposition on November 12, 2002. On that date, Plaintiff's counsel did not appear at the deposition he noticed and instead had his associate copy the documents requested. Defendant's counsel alleges that he met with Defendant's corporate designee for approximately three and a half hours in preparation for the deposition.

At the January 24, 2003, hearing, Defendant introduced into evidence copies of correspondence between the lawyers relating to the scheduling of the deposition. (All correspondence marked as Plaintiff's Ex. # 1.) In letters dated

September 25, 2002, and October 1, 2002, Plaintiff's counsel inquired as to the availability of the Defendant's corporate representative to be deposed. On October 3, 2002, Defendant's counsel sent a letter stating that if Plaintiff wished to "depose a representative of Cambridge, the customary procedure would be for you to issue a Notice under Virginia Sup. Ct. Rule 4:5(b)(6) to enable the Company to designate the appropriate representative(s) and to check their availability." In a letter dated October 4, 2002, Plaintiff's counsel stated that "under separate cover, I am sending to you the notice under Va. Sup. Ct. Rule 4:5(b)(6), so that the company can designate the appropriate representative and check their availability."

The Notice of Deposition was filed in Court on October 18, 2002. The Notice stated that "counsel, on behalf of Plaintiff, Harold B. Adams will take the deposition of those persons listed below . . . before shorthand reporters, or any other authorized Notary Public in and for the Commonwealth of Virginia. Said examination will be for the production of records and all purposes pursuant to the Rules of the Supreme Court of Virginia as amended." The Notice required the designated representative bring six sets of records and documents.

## Analysis

Defendant cites as authority for his request for fees and costs the following provisions of the Code and Rules: Va. Sup. Ct. Rules 4:1(g) and 4:5 and Va. Code § 8.01-271.1.

Plaintiff responds, citing *Tonti v. Akbari*, 262 Va. 681, 685, 553 S.E.2d 769, 771 (2001), for the proposition that the award of attorney's fees as a sanction should never be routine.[1] I do not regard this matter as routine. Nor do I think that either Rule 4:1(g) or § 8.01-271.1 of the Code of Virginia applies. I do not think that Mr. Sandground intended to do anything improper. I do think he was careless in his handling of the deposition.

The Notice of Deposition was drafted in a way that was not done in a manner calculated to give Defendant's counsel a clear idea of what was desired. Mr. Rose was justified in understanding the Notice to require the deposition of a person, namely a designated representative of Cambridge Research Associates, Inc. He was justified because that, in fact, is what the Notice says. Further, Mr. Sandground's letters of September 25 and October 1, 2002, specifically reference his desire to depose a corporate designee. Mr.

---

[1] I am painfully aware of the holding in *Tonti* since I was the judge who was reversed with regard to the sanctions issue.

Rose's letter of October 3, 2000, reiterates how the Defendant understands the matter. Mr. Sandground, instead of correcting a "misunderstanding" refers again in his letter of October 4, 2002, to his wish that an "appropriate representative" be designated.

Rule 4:5 of the Rules of the Supreme Court governs the taking of a deposition. Rule 4:5(g) provides for sanctions if a party gives notice of the taking of a deposition but fails to attend. The Rule provides that I may "order the party giving the notice to pay to such other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees." It is this provision that I believe is applicable in this case.

The onus for this misunderstanding must lie with Mr. Sandground. Accordingly, I am granting the Motion. I intend to enter the order proposed by Mr. Rose demonstrating the sanction amount to be $3,965.00.