# CIRCUIT COURT OF FAIRFAX COUNTY

Brian Friedman

v.

Five Guys
Enterprises, L.L.C.

January 8, 2016

Case No. CL-2014-12272

By Judge John M. Tran

This matter came before the Court on December 4, 2015, for a hearing to determine whether to award Defendant attorney's fees after granting Defendant's Motion for a Protective Order on November 4, 2015. Upon consideration of the arguments raised in the pleadings and at the hearing, this Court awards Defendant the sum of $3,500.00 in attorney's fees and costs pursuant to Rule 4:1(c), which applies 4:12(a)(4), and Rule 4:1(g) to be paid to Defense counsel within thirty days of the date of this Order.

The Court imposes the award, jointly and severally, upon the attorney who signed the notice of corporate deposition and his law firm. Consistent with *Shebelskie v. Brown*, 287 Va. 18, 27-28, 752 S.E.2d 877, 882 (2014), the Court does not impose this award upon counsel who appeared at the November 3, 2015, hearing.

The Court incorporates or receives into evidence: (1) Plaintiff's Notice of Deposition of Five Guys Enterprises, L.L.C., (2) the November 4, 2015, Memorandum Opinion and Order, (3) Transcript of Oral Argument,

*SupplySource DC, L.L.C. v. Carole Swaney*, No. 1:15-cv-574 (E.D. Va. Aug. 28, 2015), and (4) Arbee Associates' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) of SupplySource DC, L.L.C., d/b/a re|District.

## I. *Background*

This lawsuit commenced in September 2014 and had an original discovery deadline of September 18, 2015. In September 2015, the Court extended the deadline to November 2, 2015.

In August 2015, Plaintiff's counsel began seeking the depositions of Five Guys' employees and notified Defense counsel of his intent to depose Defendant's corporate designee towards the end of the deposition schedule. On October 2, 2015, Defense counsel asked for the notice of corporate deposition ("Notice"), presumably to receive as much notice as possible to prepare his corporate designee. Approximately three weeks later, on October 21, 2015, Plaintiff's counsel finally served the Notice, which contained twenty-nine topics and set the deposition date for October 29, 2015.

After receiving the Notice, Defense counsel emailed Plaintiff's counsel, requesting that Plaintiff withdraw the Notice. Plaintiff's counsel offered to withdraw seven topics if Defendant provided written stipulations for them. Defense counsel countered that it would provide a corporate designee to answer only topics 1 to 3 of the twenty-nine listed. The parties were unable to resolve their discovery dispute.

On October 29, 2015, Defendant filed its Motion for a Protective Order to limit the topics of the corporate designee deposition. Following a November 3, 2015, hearing, the Court entered an Order on November 4, 2015, granting Defendant's Motion and quashing the entire corporate deposition. Considering the delay in serving the Notice, the amount of topics, and the substance of each topic, the Court found that Plaintiff's Notice was "unduly burdensome and intended to oppress the Defendant," and that the topics were "facially overly broad, irrelevant or duplicative of information provided [in prior depositions]." The Court then set a hearing for December 4, 2015, to consider whether to award Defendant its attorney's fees.

## II. *Analysis*

"An award of attorney's fees as a sanction should never be 'a routine matter'. . . [and] must be made under proper authority and due exercise of. . . sound judicial discretion." *Tonti v. Akbari*, 262 Va. 681, 685, 553 S.E.2d 769, 771 (2001). Thus, "in the absence of a provision in a statute, rule, or contract to the contrary, a trial court may not award attorney's fees to a party merely on the basis of that party's having prevailed upon an issue or cause." *Id.* Here, the Court has authority to award Defendant its attorney's fees under Rule 4:1(c), applying Rule 4:12(a)(4), and Rule 4:1(g).

## A. *Fees Are Awarded under Rule 4:1(c), Applying Rule 4:12(a)(4)*

A party who obtains a protective order under Rule 4:1(c) has various avenues upon which to obtain further relief. Under 4:1(c), when a motion for a protective order is denied in whole or in part, the court may order discovery under such terms and conditions that are just. For example, a court may allow discovery to proceed under narrowly defined topics or on condition that the requesting party pays costs or provides such accommodation as are appropriate to render the deposition reasonable.

Additionally, Rule 4:1(c) provides that "[t]he provisions of Rule 4:12(a) (4) apply to the award of expenses incurred in relation to the motion." The Court interprets "motion" to refer to the motion for protective order and carries that definition over. *See Bridgewater Mfg. Co. v. Funkhouser*, 115 Va. 476, 480, 79 S.E. 1074, 1076 (1913) ("[W]hen the same word is used in different parts of the same statute, the presumption is that it was used in the same sense throughout the statute, unless a contrary intention clearly appears."). Pursuant to Rule 4:12(a)(4), "[i]f the motion is granted, the court shall, after opportunity for hearing, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

Rule 4:12(a)(4) triggers a court's authority to impose fees under the imperative "shall". It is incumbent upon the court to compensate the aggrieved party who succeeds in compelling the issuance of a protective order unless the court finds that the opposition was substantially justified or that it is unjust to award fees to the prevailing party. An attorney exercising the discretion to deploy discovery consistent with a particular trial strategy must balance that discretion with the obligation to act reasonably as required by the discovery rules and to comply with pre-trial scheduling orders.

Here, the Court granted Defendant's Motion for a Protective Order. Plaintiff forced Defendant to file and argue the motion by noticing a corporate designee deposition with twenty-nine topics a week-and-a-half before the discovery deadline. Further, the Notice gave Defendant only five business days to prepare for all twenty-nine topics. Plaintiff's counsel rejected Defense counsel's offer to allow the corporate deposition to proceed on a limited number of topics in an email dated October 26, 2015 (5:36 p.m.).

After considering the various factors highlighted by Plaintiff, the Court does not find that Plaintiff's opposition to the motion was substantially justified and is unpersuaded by Plaintiff's arguments for why an award would be unjust. The Court considered, among other factors, Defendant's erroneous argument that a corporate designee deposition should be limited to corporate policy matters. The Court also weighed the impact of inconsistent

testimony presented by Five Guys' employees in previous depositions and a claim of necessity that Plaintiff alleges Defendant's defalcations had facilitated. Ultimately, Plaintiff's strategy to depose the corporate designee at the end of the discovery period does not explain why Plaintiff could not have served the Notice much earlier or submitted the Notice with narrower topics.

Further, the Court considered the compromises and stipulations offered prior to its November 4, 2015, Order, and that Defendant's motion did not seek to quash the entire deposition. However, Rule 4:12(a)(4), as well as other provisions as discussed below, do not require the Court to proceed in blind obedience to partial or imperfect concessions forced out of discovery abuses.

Plaintiff's argument that counsel pursued this litigation on a contingency basis and has no motive to unnecessarily increase litigation expenses or act with ill intent does not render an award unjust. Counsel's justification for misusing the corporate deposition, as evident under the facts of this case, resembles the practical difficulties of enforcing posted speed limits on the Commonwealth's highways. The argument that counsel should be exempted from the reaches of Rule 4:12(a)(4) or Rule 4:1(g) as he has never been sanctioned before or that others employ similar discovery methods is unpersuasive.

Ultimately, under the totality of the evidence presented here, including the findings supporting an award under Rule 4:1(g), the Court finds the opposition was not substantially justified and that it is not unjust to award fees under Rule 4:1(c), applying Rule 4:12(a)(4).

In setting the award of attorney's fees, the Court reduced the amount Defendant sought by eliminating charges conceded as not being relevant to this decision and reducing the time defense counsel spent in communicating with the Court after the November 3, 2015, Hearing. The reduction of fees does not suggest the fees were unreasonable or otherwise in conflict with the contractual arrangement between Defendants and defense counsel. Rather, in shifting fees, the Court reviews the requests for fees and awards only that sum, and no more, that it finds the offending party should reasonably reimburse the other party.

## B. *Fees Are Awarded as Sanctions under Rule 4:1(g)*

The Court also has authority to award attorney's fees as sanctions under Rule 4:1(g), which states:

> Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or

objection, and state the party's address. The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection, and that to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is: (1) *consistent with these Rules* and warranted by existing law or a good faith argument for extension, modification, or reversal of existing law; (2) *not interposed for any improper purpose,* such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) *not unreasonable or unduly burdensome* or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation. . . .

If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

(Emphasis added).

Rule 4:1(g) remains undeveloped in case law, so this Court looks to cases under a functionally equivalent statute, Va. Code § 8.01-271.1, to apply an objective standard of reasonableness. *See, e.g., Gilmore v. Finn,* 259 Va. 448, 466, 527 S.E.2d 426, 435 (2000).

The enumerated bases for awarding sanctions under § 8.01-271.1 are stated in the conjunctive, as is Rule 4:1(g), and thus, a material violation of any one of those three requirements trigger sanctions. *Williams & Connolly, L.L.P. v. People for the Ethical Treatment of Animals, Inc.,* 273 Va. 498, 510, 643 S.E.2d 136, 141 (2007).

The three independent conditions supporting the imposition of sanctions here are as follows:

(1) The discovery request was not consistent with these Rules;

(2) The discovery request was interposed for an improper purpose such as to harass the other party, cause unnecessary delay or needlessly increase the costs of litigation; and

(3) The discovery request was unduly burdensome.

Considering the quantity of the topics listed, the substance of each topic, and the inadequate amount of time given to prepare a corporate designee to testify, this Court finds that an attorney could not have formed a reasonable belief that the Notice complied with any of the three certification elements.

Rule 4:5(b)(6) requires that a notice of a corporate deposition "designate with *reasonable particularity* the matters on which examination is requested." (Emphasis added). Requests that identify as topics the entirety

of issues in the litigation or require general knowledge of voluminous documents do not meet the reasonable particularity test. An attorney who purposefully sends out catchall provisions in a discovery request does so in either intentional or uninformed disregard of the Rules. Some argue an entitlement to issue broad discovery in an abundance of caution to defend against the improper mincing of words by opponents stone-walling discovery. The governing rule has never been that two wrongs make a right or that discovery should be issued encumbered with the assumption that the other side will not otherwise respond truthfully. Within the four corners of the Notice, it is abundantly clear that the Notice does not describe topics with reasonable particularity in violation of Rule 4:5(b)(6). No attorney could reasonably expect that these topics would survive a motion for a protective order. Thus, objectively, Plaintiff could not have believed that the Notice complied with the Rules.

Further, an attorney could not have formed a reasonable belief that the Notice was not interposed for an improper purpose or was not unduly burdensome. A deposition noticed under Rule 4:5(b)(6) is similar to its federal counterpart, Fed. R. Civ. P. 30(b)(6). Although federal discovery law is not binding on Virginia courts, this Court finds persuasive the reasoning in various federal cases that supports the sanctions imposed here.

The duties imposed upon a corporate designee are materially greater than those imposed upon any individual deponent. A Rule 30(b)(6) corporate deposition designee must be prepared to testify on the corporation's behalf as to "all matters known or reasonably available to [the corporation] and, therefore, implicitly requires such persons to review all matters known or reasonable available to it in preparation for the Rule 30(b)(6) deposition." *International Ass'n of Machinists & Aero. Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005) (*quoting United States v. Taylor*; 166 F.R.D. 356, 362 (M.D. N.C. 1996)). "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may gave [complete,] knowledgeable[, nonevasive,] and binding answers for the corporation." *Id.*; *see also Spicer v. Universal Forest Prods.*, 2008 U.S. Dist. LEXIS 77232, *10 (W.D. Va. Oct. 1, 2008).

Preparing for a corporate designee deposition is by definition burdensome. *See Taylor*, 166 F.R.D. at 362. However, the fact that such preparation "requires many hours of work and review of voluminous documents does not relieve the corporation of its responsibility to adequately prepare." *Spicer v. Universal Forest Prods.*, 2008 U.S. Dist. LEXIS 77232, *11 (W.D. Va. Oct. 1, 2008). In fact, a corporation may be sanctioned for failing to provide an adequately prepared designee for deposition. *See Caryn Grp. II, L.L.C. v. O. C. Seacrets, Inc.*, 265 F.R.D. 235, 239 (D. Md. 2010); *Martin v. Nordic Grp. of Cos.*, 61 Va. Cir. 13, 23 (Fairfax 2003). Thus, to allow a corporation to comply with its duties, the notice of corporate designee

deposition must give the corporation a reasonable amount of time to prepare its corporate designee.

The moment Plaintiff's counsel served the Rule 4:5(b)(6) Notice on October 21, 2015, he knew or should have known that it would not have been possible for Defendant to comply with the Notice and his duties without, at the minimum, extending the discovery deadline. Plaintiff gave Defendant only five business days to prepare. The parties were required to complete discovery by November 2, 2015, thus giving the Defendant a maximum of seven business days to comply if the deposition was rescheduled to the last possible date. This Court finds that it is patently unreasonable and unduly burdensome to require Defendant to produce and adequately prepare a corporate designee to testify about all twenty-nine topics listed in the Notice in only seven, let alone five, business days.

This Court finds that it is facially unreasonable to serve discovery at such a time that an extension of the discovery deadline is necessary when there is no valid reason that it could not have been served well before the discovery deadline. The fact that, in September 2015, Plaintiff's counsel alerted Defense counsel of their intent to conduct a corporate designee deposition towards the end of the discovery schedule does not render the ultimate request any less unreasonable or burdensome as Defendant cannot start its preparation until it receives the topics.

Several of the topics required substantial investigation and preparation. For example, topics six and seven asked about specific prior instances when Defendant denied a prospective franchisee a franchise due to performance in training or after they received a training certificate. These requests would require Defendant to search its corporate history for every instance that they denied a prospective franchisee and if no formal records are kept for the denial of the franchise, to interview all those who were involved to search for the grounds of the denial. At the same time, it is of questionable relevancy as to why defendant denied other prospective franchisees an opportunity to obtain a franchise.

Topic 21 seeks "The Answer filed by Five Guys in response to the First Amended Complaint, including the factual basis for the denial of any allegation as well as the factual basis for any defenses asserted." This topic requires the corporate designee to be prepared to explain every asserted defense, no matter how relevant or material those defenses may remain to the issues in dispute. The listing of catchall topics for all issues raised in the pleadings also circumvents the limitations on interrogatories. Litigants appropriately use contention interrogatories to discover facts that an opposing party contends support the material issues in dispute. Interrogatories are, however, limited in number. Using corporate designee topics to cover all assertions without regard to materiality and without limits to circumvent the limitations on interrogatories is improper.

Topic 25 asks for "the summary of the facts that you believe are known by each of your witnesses." This question requires the corporate designee to identify all witnesses, including those who the corporation intends to call at trial. The determination of who will be witnesses at trial is one made by trial counsel, and not necessarily a corporate designee. As such, this topic is an ill-disguised effort to obtain information as to Defense counsel's strategy, which is improper.

Considering all the circumstances surrounding the Notice, it produced an "*in terrorem*" effect on Defendant. Noticing such an unduly burdensome corporate deposition so close to the discovery deadline backed Defendant into a corner, forcing them to take action on the case, either by requesting to extend discovery, negotiating with Plaintiff to withdraw some of the topics, or expending time and resources to file a motion for a protective order.

The Court does not easily award fees as sanctions under Rule 4:1(g), and thus, invited Counsel for Plaintiff, Mr. Wayne Travell, who ably argued against the award of fees and sanctions, to provide the Court with the decision and transcript where federal Magistrate Judge Anderson allowed a 30(b)(6) deposition to proceed over forty topics. *See* Transcript of Oral Argument, *SupplySource DC, L.L.C. v. Carole Swaney*, No. 1:15-cv-574 (E.D. Va. Aug. 28, 2015); Arbee Associates' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) of SupplySource DC, L.L.C., d/b/a/ re|District.

Upon review of the materials, the Court cannot find that the federal court's decision supports the Plaintiff's argument. At the federal case hearing, Judge Anderson mentioned several times that he had not been provided a copy of the actual deposition notice, and consequently never had an opportunity to consider the reasonableness of the topics listed. *See* Tr. at 9:20-26. Arbee Associates adequately justified the need to examine the corporation on certain topics because of corporate witnesses who expressed the lack of knowledge in earlier depositions, versus the inconsistent statements in this case. Further, this Court saw damage topics that were reasonably raised towards the end of discovery.

That notice, however, also included requests that were clearly inappropriate, stated without reasonable particularity, and unreasonably overbroad (especially topic 42, which stated, "All allegations listed in the Second Amended Complaint"). In addition, and not surprisingly, Judge Anderson had to extend the discovery deadline to allow time for the deposition to occur. It appears from the transcript that Judge Anderson's decision somewhat rested upon the plaintiff's concerns about plaintiff counsel's calendar, key corporate personnel being out of the country, and the acquisition of three to five deponents, one of whom lived in a different state. *See* Tr. at 11:17-12:5. Here, Defendant did not have those same concerns in moving for a protective order. Rather, this Court finds that Plaintiff's Notice is facially unduly burdensome.

The discovery rules contain provisions under which the court may act on its own initiatives. For example, Rule 4:1(b)(1) provides that "[t]he court may act upon its own initiative" to protect parties from improper discovery requests. Rule 4:1(g) requires that, upon a violation of the certification requirements, "the court[] . . . upon its own initiative," impose sanctions on the violating party. Further, Rule 4:12(a)(4), absent extraordinary exceptions, requires a court to award fees and costs as a remedy to a successful discovery litigant.

The ever-evolving discovery rules invest the courts with the authority and responsibility to manage the cases that come before them rather than relinquishing control to the pursuit of discovery brinkmanship. Serving notice of an all-inclusive corporate designee deposition at the end of discovery compels this Court to respond under the facts of this case.

## Conclusion

For the reasons stated above, it is ordered that Plaintiff's counsel, Mr. Steven Gould, or his law firm pay Defendant's counsel the sum of $3,500.00 within thirty days of this Order, as fees under Rule 4:1(c), applying Rule 4:12(a)(4), and sanctions under Rule 4:1(g).