PRESENT: All the Justices

WILLIAM H. BOLTON, ET AL.

OPINION BY
v. Record No. 200637                          JUSTICE WILLIAM C. MIMS
                                              APRIL 1, 2021
JOHN W. MCKINNEY


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Paul M. Peatross Jr., Judge Designate

In this appeal, William H. Bolton (individually "Bolton") and his wife, Sheller C. Bolton

(collectively, the "Boltons") ask this Court to determine whether the Circuit Court of

Rockingham County erred in failing to grant them attorney's fees as damages in an action for

breach of a covenant not to sue.

I.  BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Bolton and John W. McKinney were partners in a business venture called Skyline

Building Systems, LLC.  Approximately one year after they acquired the company, Bolton

purchased McKinney's ownership interest.  McKinney stayed on as an employee but was later

terminated by Bolton.  McKinney then brought several lawsuits against Skyline and Bolton,

causing Skyline to lose its financing and go out of business.  Bolton filed for bankruptcy shortly

thereafter, with McKinney listed as a creditor.

During the bankruptcy proceedings, the Boltons and McKinney entered into a

"Settlement Agreement and Global Mutual Release of Claims."  In consideration for $25,000

and the Boltons' covenant not to sue the McKinneys, the McKinneys relinquished all rights to

sue the Boltons.  The recitals stated: "It is the intention of the parties that … there be no more

litigation among the parties or claims asserted by any of them against the others."  Additionally:

"The McKinneys and the Boltons agree and covenant not to sue or prosecute any claims released

by this Agreement." The settlement agreement also contained an arbitration clause, providing that:

> any dispute that may arise between the Parties out of this Agreement including the interpretation of the Agreement, shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association, and not by litigation, except to the extent that a court is required to adopt and enforce the decision of the arbitrator.

Less than a year after entering into the settlement agreement, McKinney breached the covenant not to sue by suing Bolton twice in state court and once in federal court for claims relating to his time at Skyline. All of the suits were resolved in favor of Bolton. Bolton contends that he incurred more than $80,000 in attorney's fees in defending these actions.

In response to the lawsuits, the Boltons filed this action against McKinney alleging a breach of the settlement agreement. They sought recovery for the attorney's fees they expended defending against McKinney's unsuccessful lawsuits and an injunction to prevent McKinney from pursuing further actions against them.

McKinney filed a motion to dismiss, asserting that the mandatory arbitration provision of the settlement agreement should be enforced. The circuit court ruled that McKinney had waived the right to enforce the arbitration clause by filing multiple lawsuits against Bolton that related to McKinney's time at Skyline.

The Boltons thereafter moved for partial summary judgment on the issue of McKinney's liability for breach of contract. The circuit court granted the motion and held a hearing on the Boltons' claim for damages. After the hearing, the court took the matter under advisement to determine whether the Boltons could be awarded attorney's fees as damages under the circumstances of this case.

The court decided that there were no grounds for the requested award of damages because, under Virginia law, attorney's fees are generally only awarded when explicitly authorized by a contract or statute. The court noted that the settlement agreement is silent on whether fees should be awarded if the case was resolved at trial. The court therefore reasoned that since courts cannot read provisions into a contract, an award of attorney's fees was not appropriate.

We awarded the Boltons this appeal.

## II. ANALYSIS

The interpretation of a contract is a question of law that this court reviews de novo. *Schuiling v. Harris*, 286 Va. 187, 192 (2013). "The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares." *Id.* (quoting *Wilson v. Holyfield*, 227 Va. 184, 187 (1984)).

Virginia follows the American rule on attorney's fees, under which "[g]enerally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." *REVI, LLC v. Chicago Title Ins. Co.*, 290 Va. 203, 213 (2015). The purpose of the rule is to "avoid stifling legitimate litigation by the threat of the specter of burdensome expenses being imposed on an unsuccessful party." *Tonti v. Akbari*, 262 Va. 681, 685 (2001).

A covenant not to sue is "an agreement not to enforce an existing cause of action against another party to the agreement." 66 Am. Jur. 2d *Release*, § 4 (Feb. 2021 update). It is recognized in most jurisdictions, including Virginia, that a covenant not to sue can be asserted as a complete bar to any subsequent actions initiated by the obligee against the obligor that are

3

covered by the terms of the agreement.  *See* 16 Michie's Jurisprudence, *Release*, § 3 & n.448 (2021 update); *Lackey v. Brooks,* 204 Va. 428, 432 (1963).

The remedy for a breach of contract "is intended to put the injured party in the same position in which it would have been had the contract been performed."  *Marefield Meadows, Inc. v. Lorenz*, 245 Va. 255, 261 (1993).  A breach of a covenant not to sue, therefore, creates a unique situation in which the damages stemming from the breach may be the attorney's fees incurred by the party protected by the covenant.

Generally, attorney's fees are not recoverable as damages.  *Hiss v. Friedberg*, 201 Va. 572, 577 (1960).  Whether Virginia law allows an award in the amount of attorney's fees as damages for the violation of a covenant not to sue, however, is a question of first impression for this Court.  Other jurisdictions are divided on the issue.

Jurisdictions that do not allow for the award of attorney's fees in this circumstance reason that the parties can provide for attorney's fees in the contract if they so choose.  *See Artvale, Inc. v. Rugby Fabrics Corp.,* 363 F.2d 1002, 1008 (2d Cir. 1966) ("Certainly it is not beyond the powers of a lawyer to draw a covenant not to sue in such terms as to make clear that any breach will entail liability for damages, including the most certain of all – defendant's litigation expense."); *Bunnett v. Smallwood,* 793 P.2d 157 (Colo. 1990) ("It is not unfair to require each party to pay its own legal costs if the parties did not find it necessary to include a fee shifting provision when they entered into the agreement."); *Dodge v. United Servs. Auto. Assn.*, 417 A.2d 969, 976 (Me. 1980) ("[L]awyers who wish to swim against the tide of the American rule are perfectly capable of including an express undertaking that the damages resulting from any breach of the settlement agreement shall include attorney's fees.").  Moreover, some courts have held that a covenant not to sue is to be used as a "shield rather than as a sword," intended only to

4

allow a party to bar a suit initiated by the obligee, not to recover damages incurred as a result of the suit. *Artvale, Inc.,* 363 F.2d at 1008; *see also Bunnett*, 793 P.2d at 161.

By contrast, other jurisdictions have recognized that the American rule against the award of attorney's fees in the absence of a statutory or contractual right does not apply to "those cases in which attorney fees are not awarded to the successful litigant in the case at hand, but rather are the subject of the lawsuit itself." *Zuniga v. United Cav Co.*, 812 F.2d 443, 445 (9th Cir. 1987); *see also Anchor Motor Freight, Inc. v. Int'l Bhd. of Teamsters, etc., Local Union No. 377*, 700 F.2d 1067, 1072 (6th Cir. 1983); *Paper, Allied, Chem. & Energy Workers Int'l Union, Local 5-508 v. Slurry Explosive Corp.*, 107 F. Supp. 2d 1311, 1331 (D. Kan. 2000).

Applying this principle, jurisdictions that permit the award of attorney's fees as damages for the violation of a covenant not to sue do so primarily because, unlike in most cases, attorney's fees are direct or consequential damages of a breach of this type of agreement. As the New Hampshire Supreme Court recently observed:

> When a party requests attorney's fees and costs in defending the action as consequential damages for breach of a covenant not to sue, this request does not seek an award of attorney's fees within the meaning of the American Rule. Rather, under these circumstances, attorney's fees and costs help to put the non-breaching party in the position it would have been in had the breach not occurred.

*Pro Done, Inc. v. Basham,* 210 A.3d 192, 203 (N.H. 2019). The court explained, "[A] defendant in an action brought in violation of a covenant not to sue bargained to receive, and exchanged consideration for, the opposing party's promise that it would forbear from bringing suit. Under these circumstances, the lawsuit itself is the object that the bargain intended to prohibit." *Id.; see also Scott v. Reedy*, 1876 Ohio Misc. LEXIS 27, at *6 (Ohio Super. Ct. Oct. 1, 1876) ("The employment of counsel by the plaintiff to resist [an action brought in violation of a covenant not to sue], the occupation of the time and the services of the plaintiff in attending upon it, may well

be regarded as having been in contemplation of the parties in entering into the contract, and as the natural and almost unavoidable consequences of the defendant's breach of it.").

Under the facts of this case, this Court finds more persuasive the reasoning of courts that have decided that the amount of attorney's fees incurred should be awarded as damages. Allowing damages in this circumstance compensates the injured party for its loss and puts it back in the same position in which it would have been had the other party adhered to its promise. To prevent the Boltons from obtaining direct damages from the breach of an express term of the contract simply because they happen to also be attorney's fees would rob them of the benefit of their bargain and make their victories in the respective lawsuits hollow.

McKinney argues that the Boltons cannot receive attorney's fees as damages because the Boltons pursued this claim through litigation. The settlement agreement specified that attorney's fees would only be available to the prevailing party in an arbitration proceeding. The circuit court found that McKinney had waived his right to enforce the arbitration provision by bringing numerous lawsuits. In light of that finding of waiver, the fact that the Boltons sought redress in court as opposed to arbitration does not preclude them from obtaining the relief they seek for McKinney's breach.

We hold that the circuit court erred in failing to award the amount of attorney's fees the Boltons incurred defending the lawsuits initiated by McKinney as damages in the current action. In so holding, we do not overrule the general rule in Virginia law that attorney's fees are not recoverable as damages. We recognize only that the plaintiff's damages for a breach of a covenant not to sue may be the amount of the attorney's fees incurred by the plaintiff in defending actions that breached the agreement.

## III. CONCLUSION

We reverse the judgment of the Circuit Court of Rockingham County and remand for further proceedings in accordance with this opinion.

*Reversed and remanded.*